UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00295 |
| | § | |
| LOWE'S HOME CENTERS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 9), along with the Defendant's Response (D.E. 10). For the reasons set forth below, the Motion is DENIED.

To support diversity jurisdiction under 28 U.S.C. § 1332, the case must be between parties whose citizenship is diverse and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. There is no challenge to the Defendant's representation that the amount in controversy is sufficient to trigger federal jurisdiction and this Court's review of the face of the pleading supports a determination that the alleged damages exceed the threshold requirement. Thus the only question is whether there is diversity between the parties.

A case may be removed if the non-diverse defendant (Joey Guerrera) is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). To establish improper joinder, a defendant must prove that there is no reasonable possibility that the

1 / 2

plaintiff will be able to establish a cause of action against the nondiverse defendant in state court. *Id.*; *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

After a review of the Motion and the Plaintiff's Original Petition filed in state court, the Court holds that the allegations against Defendant Guerrera do not state an independent duty of care apart from that owed by his employer, Lowe's Home Centers, Inc., and thus there is no reasonable possibility of recovery against him. *E.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). This Court finds that the joinder of Defendant Guerrera is improper and thus does not defeat the diversity of citizenship required for federal jurisdiction under 28 U.S.C. § 1332.

For this reason, Plaintiff's Motion to Remand is DENIED.

ORDERED this 10th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE