UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-295 |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Pending are Defendant's motions for summary judgment (D.E. 105, 106). Having considered the motions, response, reply, arguments of counsel and the applicable law, and for the reasons set forth below, the motions are **GRANTED** as to Plaintiff's premises liability claims and **DENIED in part** as to Plaintiff's claim for negligent activity and **GRANTED** as to Plaintiff's remaining negligence claims. This case will proceed to trial on Plaintiff's singular claim for negligent activity.

**I.      JURISDICTION**

This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Upon consent of the parties (D.E. 17, 19), United States District Judge Nelva Gonzales Ramos reassigned this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636. (D.E. 20, 53).

## II.   BACKGROUND

On March 10, 2012, Plaintiff Martin Howard ("Plaintiff") fell at one of Defendant Lowe's Home Centers', LLC, retail home improvement stores, allegedly suffering injuries as a result of the fall.  The cause of Plaintiff falling is in dispute.  Plaintiff testified "somebody either hit me or hit the gate and knocked me down. And when I finally got up, the gate was on me." (D.E. 122-1, p. 14).  Plaintiff further testified that two employees of Defendant, identified as J.P. and John Brooks, were standing over Plaintiff. (D.E. 122-1, p. 14).  Plaintiff is uncertain about exactly what happened, but he testified that "somebody came up behind me and either hit me or hit the gate, and the gate hit me and knocked me to the ground."  (D.E. 122-1, p. 15).

On August 13, 2012, Plaintiff filed suit against Defendant in Court at Law Number 2, Nueces County, Texas in Cause Number 2012-CCV-60757-2.  (D.E. 1).  On September 24, 2012, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff claims that Defendant is liable for his injuries based on his claims alleging negligence and premises liability.  (D.E. 110).[1]  Defendant filed a Motion for Summary Judgment on April 29, 2014, (D.E. 84), however, the court granted an extension of the discovery deadline and continued the dispositive motions deadline. (D.E. 90).  Therefore, Defendant's initial motion for summary judgment (D.E. 84) is no longer pending.  After completing additional discovery, Defendant filed updated motions for summary judgment (D.E. 105, 106) which superseded Defendant's previously filed motion for summary judgment.  Plaintiff filed a response to Defendant's motions for

---

[1] Defendant voluntarily dismissed his claims against Joey Guerra.  (D.E. 147).

2 / 13

summary judgment (D.E. 122) and Defendant replied (D.E. 124), all of which have been considered by the Court. On July 30, 2014, the parties appeared and presented argument on the pending motions.

### III. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ...." Fed. R. Civ. P. 56(c)(1)(A). "[T]he plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin,* 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex,* 477 U.S. at 323). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not

need to negate the elements of the nonmovant's case. *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie,* 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id.* (internal quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005)(quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie,* 600 F.3d at 371.

## IV. ANALYSIS

### A. Premises Liability

Under Texas law, a property owner owes an invitee a duty to protect the invitee from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc.*

*v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The property owner is not, however, an insurer of the invitee's safety. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998); *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). A plaintiff asserting a claim for premises liability must prove that: (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes*, 15 S.W.3d at 99*; see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983) (laying out the foregoing elements of a premises liability claim, which several courts now term the "four Corbin elements").

It is undisputed that Plaintiff fell while on the Defendant's premises. However, premises owners in Texas are not strictly liable for injuries which occur on their premises. *Wal-Mart Stores, Inc.*, 968 S.W.2d at 936. Plaintiff alleges the Defendant's use of an accordion gate created an unreasonable hazard and risk of harm to customers such as Plaintiff and Defendant knew or should have known of the dangerous condition. (D.E. 110, p. 4). Plaintiff further alleges the gate was broken. (D.E. 110, p. 4). Plaintiff also alleges Defendant did not exercise reasonable care to reduce or eliminate the risk because it failed to warn invitees of the risk and failed to inspect the area. (D.E. 110, p. 4).

In the present case, the role of the accordion gate in the accident, if any, is unclear, even from the Plaintiff's perspective. (D.E. 105-2, p. 21). Plaintiff did not present testimony he tripped on the gate or that it otherwise caused him to fall. Further, while

the Plaintiff testified one of the wheels on the accordion gate was missing, this is not a material fact.  There is no evidence a missing wheel caused or was in any way related to the accident.  Further, Plaintiff was uncertain whether the wheel was broken before the accident and there is no evidence the broken wheel caused or contributed to the accident.  (D.E. 105-2, p. 21).  The Court is aware the actual accordion gate at issue has not been identified.  (D.E. 96).   Apparently, the inability to identify the gate is due to Defendant having eight such gates at the store and not being aware there was an alleged problem with the gate or a duty to preserve the gate.  (D.E. 98).  There is also no evidence that any of Defendant's other accordion gates at this location were broken or damaged.  The Court has not been presented with any evidence that the inability to identify the gate is due to the intentional or otherwise wrongful conduct of Defendant and is not inclined to find the case involved purposeful spoliation of evidence.

Defendant's employee Joseph Welsh testified that certain Defendant employees had a practice or procedure of leaving the accordion gate in the middle of the aisle during work breaks.   (D.E. 122-3, p. 9).   Plaintiff argues in his response to the motions for summary judgment this procedure presented an unreasonably dangerous condition.  (D.E. 122, p. 3).  Suzanne Read, Defendant's Regional Loss Prevention and Safety Director, testified that Lowe's policy is for accordion gates to be completely closed and blocking an aisle or completely removed if no longer in use.  (D.E. 122-5, p. 19).  Defendant Lowe's employee Joseph Welsh testified it was not unusual for the accordion gates to be left in place and either closed or partially open for customers during work stoppages, depending on the situation and length of the stoppage.  (D.E. 122-3, p. 10).

Plaintiff essentially argues the practice of leaving a gate open or partially open is inconsistent with the Defendant's safety policies. Defendant maintains Plaintiff's characterization of the evidence is not accurate because Ms. Reed testified the appropriate use of the accordion gate depends on the situation. (D.E. 124-1, p. 6). While Plaintiff argues a reasonable juror could find that the practice of leaving a gate partially open presents a tripping hazard (D.E. 122, p. 4) there is no evidence this use of the accordion gate did in fact create an unsafe or hazardous condition. Further, there is no evidence Plaintiff tripped over the partially open gate.

A condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen or some similar event as likely to happen. *Seideneck v. Cal Bayreuther & Associates*, 451 S.W. 2d 752, 754 (Tex. 1970). There is an absence of evidence in the present case that the accordion gate and the manner in which it was deployed presented an unreasonable risk of harm. The fact Plaintiff fell and the accordion gate was in the area of the accident is simply insufficient to support Plaintiff's premises liability claim. Further, the Court has not been presented with expert testimony or any other evidence that the gate or premises at issue were dangerous or presented an unreasonable risk of harm. Plaintiff cannot show an essential element of his premises liability claim and cannot raise a factual dispute material to the determination of whether Defendant owed him or breached any duty with respect to the use or deployment of the accordion gate.

B.  **Negligence**

Plaintiff also brings a claim against Defendant for the negligence of Defendant's employees. (D.E. 110). Plaintiff alleges a Defendant employee knocked into Plaintiff causing him to fall and injure himself. Plaintiff also alleges generally negligent hiring, negligent training and supervision, negligent retention, negligent maintenance and negligent management. (D.E. 110). The Court will first address Plaintiff's negligence claim that a Defendant employee knocked into him.

The essential elements of a negligence claim are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *See e.g. El Chico Corp. v. Poole,* 732 S.W.2d 306, 313 (Tex. 1987); *D. Houston, Inc. v. Lover,* 92 S.W.3d 450, 454 (Tex. 2002). Specifically, a negligent activity claim is based on the negligence of an affirmative, contemporaneous conduct by the possessor of real property or their agents, while premises liability is based on the possessor's failure to make the premises safe. *Del Lago Partners v. Smith,* 307 S.W.3d 762, 776 (Tex. 2010). The duty is simply to exercise reasonable care to avoid a foreseeable risk of injury to others. *El Chico Corp.,* 732 S.W.2d at 313. Foreseeability exists when "the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others." *Id.*

Plaintiff testified an employee of Defendant knocked into him from behind causing him to fall and injure himself. (D.E. 122-1, p. 14-15). While uncertain as to exactly who knocked into him, Plaintiff testified that immediately after falling two Defendant employees were attempting to help him get up. (D.E. 122-1, p. 14-15).

Plaintiff testified he was uncertain if the employee bumped into him or bumped into the accordion gate which then struck Plaintiff, knocking him over. (D.E. 122-1, p. 18). The location of Defendant's employees to Plaintiff at the time of the accidents provides some evidence that one of Defendant's employees knocked Plaintiff over. The Defendant disputes Plaintiff's testimony regarding being bumped or knocked into by one of its employees. However, this disputed fact is material. Plaintiff's testimony presents some evidence to support Plaintiff's negligent activity claims.

Generally, a person has no duty to control the conduct of another. *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1983). Under the theory of respondeat superior, however, an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment. *Baptist Mem'l Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 947 (Tex.1998). Under a negligent activity claim, negligence "means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done." *Timberwalk Apts., Partners v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). A jury could conclude Defendant's employee was in the course and scope of his employment and had a duty to exercise reasonable care when navigating the aisle to avoid knocking into or jostling customers. This is especially true in an area where the employees may be working. Based on the evidence presented, there is some evidence an employee of Defendant breached that duty by knocking into Plaintiff in the area where the accordion gate was deployed. Finally, there is evidence Plaintiff fell over and suffered damages as a result of being knocked into by Defendant's employee. As a result of the accident,

Plaintiff experienced pain on his entire right side, including his head, shoulder, arm, elbow, wrist, hand, hip, thigh, knee, leg and foot. (D.E. 122-1, p. 18). Plaintiff testified, while having some pre-existing conditions, he sought and received medical treatment for the injuries he sustained as a result of the incident. (D.E. 122-1, pp. 24-27). Further, Defendant's incident report indicates Plaintiff was in pain and shaken up after the incident. (D.E. 122-6). Based on the summary judgment evidence, the Court finds Defendant's motion for summary judgment should be denied as to Plaintiff's negligent activity claim relating to Plaintiff's claim he was knocked into by Defendant's employee.

Plaintiff has also alleged negligence claims based on negligent hiring, negligent training and supervision, negligent retention, negligent maintenance and negligent management. To the extent these claims are based on Plaintiff's premises liability claim and the use of the accordion gate, these claims are denied because the Court has granted Defendant's motion for summary judgment on the premises liability claims. However, Plaintiff also maintains these are viable theories because "the training, management and supervision of its employees regarding moving around employees and communicating warnings to that effect were lacking at the time of this incident." (D.E. 122, p. 8).

Negligent hiring, retention, and supervision claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability. *Morris v. JTM Materials, Inc.,* 78 S.W.3d 28, 49 (Tex. App. - Fort Worth 2002, no pet.). The elements of a negligence action are duty, a breach of that duty, and damages proximately caused by the breach. *Id.* An employer may be liable if it hires an

incompetent or unfit employee whom it knows or should have known was incompetent or unfit thereby creating an unreasonable risk of harm to others. *Id.*

Negligence in hiring or retention requires that the employer's failure to screen or supervise its employees proximately cause the injuries the plaintiff alleges. *Fifth Club, Inc. v. Ramirez,* 196 S.W.3d 788, 796 (Tex. 2006). An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee. *Id*. To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries. To establish a claim for negligent supervision, a plaintiff must show an employer's failure to supervise its employees caused his injuries. *See Knight v. City Streets, L.L.C.,* 167 S.W.3d 580, 584 (Tex. App.-Houston [14th Dist.] 2005, no pet.).

Plaintiff argues that "no employee of Lowe's has been able to point to any specific training regarding movement around and behind store patrons." (D.E. 122, p. 9). Plaintiff further argues there is a lack of training of Defendant's employees on matters relating to what the Court characterizes as pedestrian traffic. Suzanne Read, Defendant's Regional Loss Prevention and Safety Director, testified at a deposition on June 19, 2014. (D.E. 122-5).

Ms. Reed testified regarding Lowe's safety procedures and protocols, including, "When it comes to safety, well, there are a multitude of rules and regulations that determine how a store is supposed to function when it comes to safety." (D.E. 122-5, p. 4). She further testified that every Lowe's employee "goes through a new hire

orientation . . .And they walk them through all of the basic policies, procedures related to shrink and safety and hazmat and some of, you know, just general safety issues within that particular store . . ." (D.E. 122-5, p. 6). She further testified, "everybody owns safety at Lowe's. That is part of everyone's job. We have a safety committee in every store. No matter what, there is a safety committee in every store headed by the store manager and every employee is actually a safety person." (D.E. 122-5, p. 7). Employees are also tested and have to undergo hands on training on many tasks, including such things as how to operate a ladder. (D.E. 122-5, p. 7). While Plaintiff maintains Defendant should train employees in how to navigate pedestrian traffic, Ms. Reed testified it would be virtually impossible to have a policy or procedure for everything. (D.E. 122-5, p. 6).

Based on the evidence presented, there is no disputed issue of material fact as to negligent hiring, negligent training and supervision, negligent retention, negligent maintenance and negligent management. Defendant did not have a duty to train or supervise its employees how to walk or move among customers as such is the type of ordinary activity common to the human experience. Further, there is no evidence that the lack of such training caused the accident at issue in this case. Plaintiff simply has not shown Defendant was negligent in its hiring, training, supervision, retention, maintenance or management.

V.   **CONCLUSION**

For the reasons stated above, Defendant's motions for summary judgment are **GRANTED** as to Plaintiff's premises liability claims and **DENIED in part** as to Plaintiff's claims for negligent activity relating to Plaintiff's allegation he was knocked

into by Defendant's employee. Defendant's motion for summary judgment as to Plaintiff's other negligence claims are **GRANTED.** This case will be set for trial on Plaintiff's single remaining negligence claim following the parties' mediation.

    ORDERED this 2nd day of October, 2014.

                                          Jason B. Libby
                                  United States Magistrate Judge